## J. D. EASLEY, Trustee *v.* JOHN G. TARKINGTON.

1. TRUST ESTATE. *Rents and profits.* Where the deed makes no stipulation in regard to the rents and profits, and contains no waiver of the right of redemption in the event of sale by the trustee, and the maker remains in possession, he, and not the trustee, is entitled to the rents and profits until foreclosure.

   Cases cited: *Burk* v. *Bonner,* 3 Head, 687; *Freeland* v. *Harris,* 3 Sneed, 264.

   Code cited: Secs. 2124, 2135.

2. SUPREME COURT. *Decree. Matters not adjudicated. Mistake.* Where the decree of the Supreme Court contains an adjudication of a question neither involved in the litigation nor discussed in the opinion, that court will treat so much of the decree as a mistake apparent on the face of the record, and at any time after final judgment it may be corrected or expunged. Such a decree was not binding on the Chancery Court.

   Code cited: Sec. 2878.

### FROM HICKMAN.

Appeal from Chancery Court. GEO. H. NIXON, Ch.

MYERS & EASLEY and COX for plaintiff.

O. A. NIXON for defendant.

SNEED, J., delivered the opinion of the court.

The complainant, as trustee in a deed of trust executed by defendant Tarkington, brought this bill on the 29th September, 1871, against the said Tarkington to recover the rents of the land conveyed for the then current year, and to secure the same attaches the crop grown upon the premises for three years. The bill alleges that defendant Tarkington executed a deed of

trust on the land for the benefit of divers creditors on the 12th July, 1865, and that he has continued in possession of the land ever since, and was in possession at the time of the filing of this bill; that complainant had instituted proceedings to have said trust foreclosed, and that the said proceeding was, at the time of the filing of this bill, pending upon appeal in this court.

The complainant claims that he is entitled to the rents and profits of the land after the expiration of the time fixed in said deed, one year from the date thereof, when authority was given him by the deed to sell the land.

The defendant admits the execution of the deed, admits his continued possession as charged, but denies that the complainant is entitled to the rents and profits of the land as claimed.

The deed is exhibited with the bill, and is in the ordinary form of a conveyance in trust for creditors, with authority in the trustee to sell at the expiration of one year, if the debts be not paid. The deed has no stipulation whatever in regard to the rents and profits, and contains no waiver of the right of redemption in the event of a sale by the trustee.

It seems that pending this litigation in the court below, the case of *Swansen & Gray* v. *Tarkington et als.* was decided in this court. This case is reported in 7 Heis., 612. The bill in that case was filed by the complainants, who are the postponed creditors in the deed against the trustee, the maker of the deed, and certain preferred creditors, to enjoin the sale for

38—VOL. 5.

the benefit of said preferred creditors, on the ground that their debts were not valid debts against the defendant Tarkington, and to have the land subjected to the payment of the debts of complainants. This relief was denied them. But the question of rents and profits was not involved in that litigation, and the ·opinion of this court makes no reference whatever to that question.

But in the preparation of the decree of this court in that case, after the questions really at issue were ·disposed of, these words were included in the decree, that "the deed conveyed a good title to the land to the trustee Easly, and the right on the part of said Easly to the possession and the rents and profits thereof from the 12th day of July, 1866." This decree was entered about the ·28th February, 1872, and the complainant in the present bill thereupon took a transcript of said decree and opinion, and produced the same in the court below, and upon its authority insisted that the question of rents and profits involved in this case was adjudicated in that.

The Chancellor was of a different opinion. He declined to follow the decree as entered in this respect, being of opinion that the question was not adjudicated because it was not involved in any way in the litigation. He therefore ·dismissed the bill.

It is certainly true that a final decree upon any question involved in a litigation is a final adjudication of that question, and this is so whether that particular question has or has not been discussed in the opinion of the court. But where the decree contains an ad-

judication of a question neither involved in the litigation nor discussed in the opinion, this court will treat so much of the decree as a mistake apparent on the face of the record, and at any time after final judgment it may be corrected or expunged. Code, sec. 2878. And this, upon proper proceeding, must be the fate of the clause of the decree in question here.

This part of the decree, while it is not supported by any provision of the deed, or any adjudication of. this court, is in positive violation of that provision of the statute which excuses the debtor from the payment of rent where he is permitted to remain in possession of the premises, and guarantees to him also the same exemption when he redeems the land from the purchaser. Code, secs. 2135, 2124. 3 Head, 687; 3 Sneed, 264.

The decree of the Chancellor will be affirmed.